STATE of Wisconsin, Plaintiff-Respondent,

v.

Steven K. ST. GERMAINE, Defendant-Appellant.
[Case No. 88–2042–CR.] †

STATE of Wisconsin, Plaintiff-Respondent,

v.

Fred LA BARGE III, Defendant-Appellant. [Case No.
88–2043–CR.]†

STATE of Wisconsin, Plaintiff-Respondent,

v.

Wayne E. ST. GERMAINE, Defendant-Appellant.
[Case No. 88–2044–CR.]†

Court of Appeals

*Nos. 88–2042–CR, 88–2043–CR, 88–2044–CR. Submitted on
briefs March 23, 1989.—Decided April 11, 1989.*

(Also reported in 442 N.W.2d 53.)

†Petition to review denied.

For appellants there was a brief by *Steven P. Weiss,* assistant state public defender.

For respondent there was a brief by *Donald J. Hanaway,* attorney general, and *John D. Niemisto,* assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   In this consolidated appeal, Wayne E. St. Germaine and Steven K. St. Germaine appeal their convictions for operating after revocation, third and fourth offenses, respectively, contrary to sec. 343.44(1), Stats. Fred LaBarge III, appeals his conviction for operating after revocation, second offense,[1] and operating while intoxicated and with a BAC over .10%, third offense, contrary to sec. 346.63(1)(a) and (b), Stats. The defendants argue that the state lacked subject matter

---

[1]While his judgment of conviction indicates OAR, third offense, the criminal complaint only charged him with OAR, second offense.

jurisdiction to enforce these statutory provisions against them because they are enrolled members of the Lac du Flambeau Band of Lake Superior Chippewa Indians and because the violations occurred on their reservation. We conclude that these provisions are criminal/prohibitory laws, giving the state jurisdiction. Therefore, we affirm the convictions.

Public Law No. 280, 67 Stat. 588 (1953), as amended, 18 U.S.C. sec. 1162 (1984 & Supp. 1988), grants the state of Wisconsin jurisdiction over Indian conduct occurring on a reservation that violates a state criminal law. The relevant portion of this statute provides:

> (a)  Each of the States or Territories listed in the following table shall have jurisdiction over offenses committed by or against Indians in the areas of Indian country listed opposite the name of the State or Territory to the same extent that such State or Territory has jurisdiction over offenses committed elsewhere within the State or Territory, *and the criminal laws of such State or Territory shall have the same force and effect within such Indian country as they have elsewhere within the State or Territory. . ..* (Emphasis supplied.)

The statute then specifies that it applies to all Indian country located within the state of Wisconsin. Therefore, if driving after revocation, second, third and fourth offenses, and operating while intoxicated, third offense, are criminal laws, the state of Wisconsin may exercise jurisdiction over members of the Band for conduct performed entirely on the reservation in the same fashion as the state may enforce those laws against other citizens within state boundaries. If Congress has expressly granted the state jurisdiction in this manner, the fact that the Band has its own motor vehicle code that it

173

■■■■■■■

enforces on the reservation is irrelevant. *Rice v. Rehner,* 463 U.S. 713, 720–21 (1983).

Wisconsin law categorizes both driving after revocation and operating while intoxicated as criminal acts. Section 939.12, Stats., defines a crime as "conduct which is prohibited by state law and punishable by fine or imprisonment or both. Conduct punishable only by a forfeiture is not a crime." Under sec. 343.44(2)(b), the penalties for operating after revocation, second offense,[2] are a fine of not less than $300 nor more than $1,000 and imprisonment for not less than ten days or more than six months. The minimum and maximum penalties for third and fourth offenses are higher. Under sec. 346.65(2)(c), a person convicted of operating while intoxicated under sec. 346.63(1)

> (c)   Shall be fined not less than $600 nor more than $2,000 and imprisoned for not less than 30 days nor more than one year in the county jail if the total of revocations under s. 343.305 and convictions under s. 346.63(1). . .equals 3 or more in a 5-year period. . ..

Because conviction for all of the offenses involves a mandatory fine and jail sentence, they are crimes under Wisconsin law.

Wisconsin's definition of a crime, however, is not conclusive regarding the characterization of a state statute as criminal under Pub. L. 280. *Oneida Tribe of Indians v. Wisconsin,* 518 F. Supp. 712, 717 n. 4 (W.D. Wis. 1981). The United States Supreme Court recognized this by adopting the prohibitory/regulatory test to ascertain the nature of a particular state law:

---

[2]That is, where the two convictions have occurred within a five-year period.

> [I]f the intent of a state law is generally to prohibit certain conduct, it falls within Pub.L. 280's grant of criminal jurisdiction, but if the state law generally permits the conduct at issue, subject to regulation, it must be classified as civil/regulatory and Pub.L. 280 does not authorize its enforcement on an Indian reservation. The shorthand test is whether the conduct at issue violates the State's public policy.

*California v. Cabazon Band,* 480 U.S. 202, 209, 107 S. Ct. 1083, 1088 (1987). The Supreme Court concluded that this independent determination was necessary to prevent the state from enlarging its own jurisdiction over Indian conduct on reservations by simply attaching a penal sanction to what would otherwise be a regulatory statute. *Id.* at 210–11, 107 S. Ct. at 1089.

The defendants argue that we should apply the prohibitory/regulatory test to the entire motor vehicle code. They maintain that the statutes in question are regulatory rather than prohibitory because they allow individuals to drive, subject to certain conditions and restrictions.

This analysis is flawed because it fails to address the dispositive issue, which is whether the laws that prohibit operating after revocation and operating while intoxicated are regulatory or prohibitory. Driving after revocation is defined as criminal not only by Wisconsin statutes but also by the state policy and purpose behind the prohibition. Driving after revocation is not conduct permitted subject to regulation; it is absolutely prohibited. This prohibition reflects the state's public policy that certain individuals are dangerous drivers who must be prohibited from operating a motor vehicle to protect the health and safety of citizens.

Under the *Cabazon* test, operating while intoxicated is equally a criminal law for purposes of Pub. L. 280. The

legislature has expressly stated that operating a motor vehicle while intoxicated is against Wisconsin's public policy:

> (13)   Operating a motor vehicle under the influence of intoxicant or controlled substance: (a)   The legislature finds that:
>
> 1.   Operation of motor vehicles by persons who are under the influence of an intoxicant seriously threatens the public safety and welfare.
>
> 2.   Persons who operate motor vehicles while under the influence of an intoxicant do so in disregard of the safety and welfare of both themselves and other members of the driving public and of the laws of this state.
>
> 3.   Penalties are an important and necessary element in deterring the operation of motor vehicles by persons who are intoxicated.
>
> .  .  ..
>
> (b)   The legislature intends by passage of this act:
>
> 1.   To provide maximum safety for all users of the highways of this state.
>
> 2.   To provide penalties sufficient to deter the operation of motor vehicles by persons who are intoxicated.
>
> 3.   To deny the privileges of operating motor vehicles to persons who have operated their motor vehicles while intoxicated.
>
> .  .  ..

Sec. 2051(13), ch. 20, Laws of 1981.

For the foregoing reasons, we conclude that driving after revocation and operating while intoxicated are criminal laws that the state may enforce by virtue of

Pub. L. 280 against members of the Band for offenses committed on the reservation.

*By the Court.*—Judgments affirmed.